ANUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNE RUMMAGE,

                                    CASE NO.:

      Plaintiff,

vs.

JIMMY JOHN'S OF ESTERO, INC., a
Florida Profit Corporation, and
ZACHARY EATON, Individually,

      Defendants.
_____/

**<u>VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, ANNE RUMMAGE ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, JIMMY JOHN'S OF ESTERO, INC. (JIMMY JOHN'S); and ZACHARY EATON ("EATON"), Individually (collectively "Defendants"), to recover from Defendants overtime pay as required by the Fair Labor Standards Act ("FLSA"), and states as follows:

**<u>JURISDICTION</u>**

      1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

      2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this district.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Lee County, Florida.

5. At all times material hereto, JIMMY JOHN'S was, and continues to be, a Florida Limited Liability Company. Further, at all times material hereto, Defendant JIMMY JOHN'S was, and continues to be, engaged in business in Lee County, Florida.

6. JIMMY JOHN'S operates at least two locations, both owned and managed by Defendant EATON. Each location shares employees, a common business purpose, common management, operations and control.

7. Based on information and belief, at all times material hereto, Defendant EATON was, and continues to be, a resident of Lee County, Florida.

8. Based on information and belief, at all times material hereto, EATON managed and operated JIMMY JOHN'S.

9. At all times material hereto, Defendant EATON regularly held and exercised the authority to: (a) hire and fire employees of JIMMY JOHN'S; (b) determine the work schedules for the employees of JIMMY JOHN'S; and (c) control the finances and operations of JIMMY JOHN'S.

10. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of JIMMY JOHN'S; (b) determine the work schedules for the employees of JIMMY JOHN'S; and (c) control the finances and operations of JIMMY JOHN'S, EATON is an employer as defined by 29 U.S.C. 201 *et. seq.*

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

13. At all times material hereto, Defendant, JIMMY JOHN'S is, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant, JIMMY JOHN'S, was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

15. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to: registers; ovens; gloves; computers; meat slicers; refrigerators; and telephones.

16. At all times material hereto, the work performed by Plaintiff was directly essential to Defendants' business.

3

## STATEMENT OF FACTS

17. In March 2021, Defendants hired Plaintiff as a non-exempt, hourly paid employee.

18. Plaintiff's job responsibilities included making sandwiches for customers, slicing meat and baking bread, and closing up the shop when she worked at night.

19. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours each week.

20. From at least March 2021, and continuing through September 2022, Defendants failed to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek as a result of Defendants' pay practices which failed to accurately record and pay Plaintiff for her hours worked.

21. Defendants failed and/or refused to properly compensate Plaintiff at a rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a single workweek.

22. Plaintiff should be compensated at the rate of one and one-half times her regular rate of pay for all hours that she worked in excess of forty (40) hours per workweek, as required by the FLSA.

23. Defendants knew that Plaintiff performed hours of work, including overtime hours, for which she was not properly compensated.

24. Upon information and belief, many of Plaintiff's pay and time records

are in the possession of Defendants.

25. Defendants have violated Title 29 U.S.C. §207 the term of Plaintiff's employment, in that:

   a. Plaintiff worked in excess of forty (40) hours in many weeks during her employment with Defendants; and

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

26. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiff for hours over 40. Defendants had specific knowledge of the hours worked, and that overtime would be owed if the hours were paid, but instead chose not to pay the hours at issue.

27. Defendants' failure to pay proper overtime was knowing or in reckless disregard of the law. Defendant JIMMY JOHN'S, while under EATON's ownership, has been sued before for failure to pay overtime and both Defendants specifically are aware of their obligations to pay employees, like Plaintiff, overtime rates for overtime hours.

28. Defendants failed and/or refused to properly disclose or apprise

5

Plaintiff of her rights under the FLSA.

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

29. Plaintiff re-alleges paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. From at least March 2021, and continuing through September 2022, Plaintiff worked in excess of forty (40) hours in several workweeks for which she was not compensated the statutory rate of one and one-half times her regular rate of pay, as a result of Defendants pay practices as described herein.

31. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

32. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

33. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 30th day of November, 2022.

Respectfully submitted,

*[signature]*

Angeli Murthy, Esq., B.C.S.
FL Bar No. 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:   (954)-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

7

## VERIFICATION

I, **ANNE RUMMAGE**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 11/14/2022

*Anne Rummage*
**ANNE RUMMAGE**